JUSTICE BAKER,
concurring.
¶52 I do not join the Court’s opinion today because I do not agree with all of its discussion and rationale. I do concur, however, that, under the terms of their contracts with the State of Montana, the third-party administrators in this case are not ‘insurers” for purposes of Montana’s made-whole laws and should be dismissed from the action. In light of the Court’s resolution of that issue, I agree a class properly may be certified under M. R. Civ. P. 23(b)(2) to address the narrow issue of declaratory relief to determine whether the State’s health care benefit plan is subject to the same subrogation and made-whole analyses that apply to private insurers and, if so, whether the State may exclude coverage for medical expenses paid by a third-party’s insurer without first conducting a made-whole analysis of a claim made under the State plan.
¶53 The relief sought by the Plaintiffs in their initial complaint and in their proposed amended complaint, which had not been filed at the time appeal was taken, goes beyond that narrow issue, requesting individual calculation of benefits alleged to have been wrongfully withheld, determination and payment of interest for delayed payments, and damage claims for constructive fraud and deceit, breach of the insurance contract, bad faith, and an award of punitive damages. As noted by the Court, following completion of the initial briefing in this appeal, the United States Supreme Court ruled in Wal-Mart Stores, Inc. v. Dukes that class certification under Fed. R. Civ. P. 23 was not proper in a case involving individual employment discrimination claims by some 1.5 million class members. In reversing the class certification order, the Court in part concluded that employees’ claims for backpay were improperly certified under F. R. Civ. P. 23(b)(2). 131 S. Ct. at 2557. Given the need for individualized determination of each class member’s eligibility for backpay, the Supreme Court did not decide whether there are any forms of *166 Incidental” monetary relief that are consistent with its interpretation of Rule 23(b)(2) because the employees could not satisfy even the ‘incidental monetary relief’ standard. Wal-Mart, 131 S. Ct. at 2560. Likewise, given our disposition of Issue 1, we need not decide in this case whether individualized claims for bad faith, punitive or other monetary damage awards would preclude class certification.
¶54 The question whether a person covered by the State’s health benefit plan must be made whole prior to the State subrogating against her recovery or refusing to pay medical expenses for injuries caused by a third party is a question that may be answered, applicable to the entire class, without an individualized made-whole determination of each class member. Whether the State Plan’s Coordination of Benefits provision breaches a duty to reimburse an insured for all losses before the State’s right of subrogation may be exercised is a common issue because that alleged duty, if it exists, is a duty owed to all class members. As in Ferguson, the plaintiffs challenge what they allege is “a program of subrogation which systematically deprives all class members of any consideration of their ‘made-whole’ rights.”Ferguson, ¶ 34.
¶55 The Plaintiffs did not cite in either their initial or proposed amended complaints §2-18-901 and 2-18-902, MCA, the statutes on which the Court relies in characterizing the State as “the insurer” for subrogation purposes. Opinion, ¶ 17. The central issue in this case, on which the District Court has not yet ruled, is whether the State is subject to the same rule as a private insurer, or whether a legislatively-promulgated health benefit plan is subject to a different subrogation analysis. As the District Court observed, ‘la] legal question exists as to whether the State employee benefit plan ... can require the tortfeasor’s insurer to pay first thereby lowering the amount the State [is] required to pay in benefits.” Resolution of that question is not needed for today’s determination that the TPAs do not act as ‘insurers” for purposes of the subrogation laws in administering the State’s health care benefit plan. As the Court rightly concludes, however, it is a question that may be answered without analysis of any individual insured’s amount of loss or recovery. In this regard, the claim for class relief here is indistinguishable from that made in Ferguson. To the extent the class includes members whose right to recover is time-barred, whose claims were released by settlement, or whose recovery is otherwise subject to dispute, affirmative defenses may apply against any individual claims for relief, but do not defeat the propriety of certification as to the declaratory relief sought for the *167 class as a whole.
¶56 Because the case is being remanded and the claims against the TPAs will be dismissed, the parties and the District Court will have the opportunity to review the remaining claims in light of our ruling today and to consider the Wal-Mart decision in fashioning the scope of the issues to be decided in the context of the class action.